United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN JOSHUA PEREZ FUENTES,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-05530 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Dylan Joshua Perez Fuentes filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 20. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States in or around February 2018 and has been living in the United States for the last eight years. *Id*. at 12, 27. He does not allege having been detained by immigration authorities prior to his recent detention. However, following his entry into the United States, he began living in Utah, married a United States Citizen, and is also the father of a United States citizen child. *Id*. at 13. His wife filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf, which remains pending with USCIS. *Id*. at 13, 37. He further claims to have no criminal history—a contention which Respondents did not dispute in opposing the Petition. *Id*. at 11. Petitioner was detained by ICE on June 23, 2026 and has not been provided a bond hearing as Respondents maintain that he may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 8 at 1.

The Ninth Circuit in *Rodriguez Vazquez, v. Bostock* held that § 1225(b)(2)(A) does not

apply to noncitizens like Petitioner who are present without admission and were arrested in the interior of the country. 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A), and have not presented any evidence that Petitioner was provided the process to which he is statutorily entitled under § 1226(a), or presented any prima facie evidence that Petitioner would be a flight risk or danger to the community if released, the Court finds that his continued detention is unlawful and orders his immediate release. *See, e.g., Piloto v. Warden, California City Correctional Center*, No. 1:26-cv-03488 (AMO), 2026 WL 1407949, at *3 (E.D. Cal. May 19, 2026); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger

to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner).

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

**IT IS SO ORDERED.**

Dated: August 28, 2026

EDWARD J. DAVILA
United States District Judge